UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:18-CR-401 |
| § | |
| MICHAEL LEE PRICE § | |
| Defendant | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Defendant Michael Lee Price (Defendant) has filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) and order his immediate release based on extraordinary and compelling reasons. In his motion, however, the Defendant's main concern is with the failure of the Bureau of Prisons (BOP) to properly calculate his earned time credits under the First Step Act. The United States (Government) respectfully opposes the motion. This Court should deny the motion without prejudice for Defendant's failure to satisfy the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) by demonstrating extraordinary and compelling reasons. In addition, the Court should deny his motion, as his argument that the BOP failed to properly calculate his earned time credits must be brought as a habeas motion under Title 28 U.S.C. § 2241. Moreover, had he presented such motion under Title 28 U.S.C. § 2241, he has failed to demonstrate that he exhausted his administrative remedies.

**I.     Factual Background**

On October 5, 2018, Defendant was convicted of Counts 1 through 3 of the Superseding Indictment, charging him with Illegal Possession of a Machine Gun, Possession of an Unregistered Machine Gun, and Engaging in the Business of Firearms without a License. *See* D.E. #27. On February 21, 2019, this Court sentenced him to 37 months' imprisonment. *See* D.E. #39. As of

August 25, 2020, Defendant has served approximately 25 months and 18 days of that sentence. *See* Exh. 1.  He now moves under 18 U.S.C. § 3582(c)(1)(A)(i) for a sentence reduction resulting in his immediate release from the custody of the BOP relying on extraordinary and compelling reasons and the failure of the BOP to properly calculate his earned time credits.   Notably, the basis for the Defendant's request does not involve any physical effects of the COVID-19 pandemic.

In this case, the Defendant was convicted of selling to an undercover agent multiple fully automatic, home-made, machine guns, without any serial numbers or other identifiers to trace the firearms.   The Defendant offered to make additional machine-guns for money with the undercover agent.   The Defendant has served a little over 25 months of his sentence.   His projected release date with credit is February 28, 2021.   *See* Exh. 2.   The expiration date of his full sentence of imprisonment would be August 13, 2021.   *See id.*   The Defendant argues that he should be released immediately because the BOP failed to properly calculate his earned time credits.

With respect to his argument on good time credits, such argument is appropriately filed as a habeas motion under 28 U.S.C. § 2241, not a motion for compassionate release.   Post-conviction motions attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office[1]. *See* 28 U.S.C. §§ 2241, 2255; *see also Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir.2002); *Dyer v. United States,* 23 F.3d 1424, 1426 (8th Cir.1994) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good-time and work-time credits to reduce length of imprisonment).

---

[1] If this were properly brought as a habeas petition, jurisdiction is proper in the district of confinement, which is the Southern District of Texas, as the Defendant is currently housed at FCI Three Rivers in Live Oak County, Texas.  *See e.g. United States v. Cantu*, C.A. No. C-12-257, 2012 WL 6858240 at *3 (S.D. Tex. Dec. 19, 2012).

In this case, the Defendant submitted an informal request for an administrative remedy to the BOP concerning the calculation of his earned time credits, which was received on May 20, 2020. (*See* D.E. #45, p. 19). Defendant essentially argues that his participation in recidivism reduction courses should allow him additional good time credits towards his release. *See id*. The request was reviewed, answered and returned to the Defendant on May 26, 2020. *See id*. The response indicated that once direction has been received on the types of awards/incentives that should be given for successful participation in the recidivism reduction programs, the inmate would be notified. *See id*. On June 4, 2020, the Defendant submitted a formal request for an administrative remedy based for the same relief, which was received by the BOP on June 8, 2020. *See id*. at p. 18. On June 25, 2020, the warden responded to the Defendant's request advising him that, due to operations being modified because of the COVID-19 pandemic, his request would have to be reviewed at a later date, when operations are back to normal and guidance on how to implement and review Defendant's request is provided to his institution. *See id*. The response notified the Defendant of his right to appeal to the regional office. *See id*. On June 30, 2020, within the time to administratively appeal, the Defendant filed a Regional Administrative Remedy appeal, which no response was submitted by the Defendant. *See id*. at p. 17. He did not file an appeal to the General Counsel's office.

Prior to filing these requests, the Defendant had filed an administrative request for compassionate release on March 31, 2020, with the BOP. *See id*. at p. 11. The basis of his request involved knee problems. *See id*. His request was denied on April 17, 2020, for failure to meet the criteria for compassionate release, as he does not have an incurable or progressive illness or suffered a debilitating injury from which he would not recover. *See id*. The Defendant

has exhausted his administrative remedies with respect to the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Subsequently, on August 10, 2020, the Defendant filed the instant motion for compassionate release under § 3582(c)(1)(A)(i), essentially merging his request for earned time credits into one for compassionate release. *See* D.E. #45. However, the Defendant fails to establish the extraordinary and compelling circumstances necessary to warrant such relief. The Defendant claims no medical condition that would warrant a compassionate release, nor do his medical records claim any such medical condition. *See* Exhs. 3-5. Moreover, the Defendant fails to claim any particular family circumstance that would constitute extraordinary or compelling reasons for release.

**II.    Standard**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.[2]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

**III.** <u>**Argument**</u>

    **A.**    **Earned Time Credits Request**

This Court should deny Defendant's motion for a reduction in his sentence without prejudice because he has failed to exhaust administrative remedies for contesting any errors in earned time credits by the BOP. The Defendant even admits in his motion that he has failed to exhaust his administrative remedies for this request. *See* D.E. #45, p. 1. In addition, he should have filed a habeas petition addressing the earned time credits issue under 28 U.S.C. § 2241, not under the guise of compassionate release.

However, even if this request was construed as a habeas motion under 28 U.S.C. § 2241, his motion should be denied for failing to exhaust administrative remedies. "The federal good time statute, 18 U.S.C. § 3624, makes clear that it is the Bureau of Prisons, not the district court, that determines whether a federal prisoner should receive good time credit." *United States v. Frosch*, 496 F. Supp. 2d 1018, 1020 (S.D. Iowa 2007) (citing *Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit.")). "If a prisoner feels the Bureau of Prisons has unfairly denied credit toward the sentence imposed, the prisoner may pursue administrative review of the computation of the credit." *Id*. (citing *United States v. Wilson,* 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-

542.16)); *see also United States v. Cantu*, C.A. No. C-12-257, 2012 WL 6858240 at *3 (S.D. Tex. Dec. 19, 2012) ("A prisoner may seek administrative review of the sentence computation determinations made by the BOP. *See* 28 C.F.R. § 542.10–542.16"). In order to exhaust such claim, an inmate must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel. *Id.* § 542.15(a). *See United States v. Cotten*, No. 3:15-cr-068, 2020 WL 3949056 at *3 (N.D. Tex. June 15, 2020).

"Only after exhausting all administrative remedies, however, may the prisoner seek judicial review of the BOP's computation." *Frosch*, 496 F. Supp. 2d at 1020 (citing *United States v. Bayless,* 940 F.2d 300, 304-05 (8th Cir.1991)). In this case, the Defendant has failed to exhaust his administrative remedies on this claim. While he did appeal the warden's denial of his request to the regional office, no evidence has been produced that he appealed to the General Counsel as required under § 542.15(a). *See* D.E. #45, p. 16. Exceptions to such requirement are only available in extraordinary circumstances where administrative remedies are either wholly unavailable or would be patently futile course of action. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Defendant bears the burden of demonstrating the futility of administrative review. *See id*. The Defendant, while he had ample time to do so, did not even submit an appeal to the General Counsel for its review and consideration. The Defendant claims that it would be futile to do so because he might run the risk of completing his time before it gets reviewed. *See* D.E. #45, p. 1. Such argument is conclusory and speculative and does not constitute an extraordinary circumstance subject to the exception.

Accordingly, Defendant's request for judicial review of his earned time credit calculations must be denied for failure to exhaust administrative remedies.

### B. Request for Compassionate Release

Next, the Defendant's motion should be denied as he has not established "extraordinary and compelling reasons" sufficient to support a sentence reduction within the meaning of §3582(c)(1)(A). In addition, this Court lacks statutory authority to grant Defendant's alternative request to direct BOP to transfer him to home confinement.

As explained above, under the relevant provision of § 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. USSG § 1B1.13, cmt. n.1(A).

For that reason, to state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG 1B1.13, cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his or her motion must be denied.

In this case, the Defendant's complaint of knee problems does not rise to the level of a medical condition that would constitute extraordinary and compelling reasons for release. Further, the Defendant makes no mention of the physical effects of the COVID-19 virus as a basis for his requested release. Even if he had mentioned the threat of COVID-19 as a basis for his

motion, the medical categories mentioned encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").[3] To classify COVID-19 as an extraordinary and compelling reason would not only be inconsistent with the text of the statute and the policy statement, but would be detrimental to BOP's organized and comprehensive anti-COVID-19 regimens, could result in the scattershot treatment of inmates, and would undercut the strict criteria BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement. Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a world-wide viral pandemic.

---

[3] *See also, e.g.*, *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomaz*, 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver*, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

Thus, the Defendant has not identified a medical condition that falls within one of the categories specified in the policy statement's application note. Defendant's asserted condition does not itself rise to the level of severity required under the policy statement.

For these reasons, Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c). Thus, the motion should be denied.

### C. Home Confinement

Defendant has also asked in the alternative that this Court order BOP to place him in home confinement. That request should be denied because this Court has no authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion.

Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *See United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority that allows the Court to order home confinement. A prisoner has no constitutional right to confinement in any particular place, including in home confinement. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently

extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons."). Following the imposition of sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam). Section 3582(c) contemplates only a reduction in sentence. *See* § 3582(c). But Defendant's request to serve the rest of his term in home confinement, as opposed to prison, works no reduction to his sentence. Home confinement merely permits the inmate to serve out his term of imprisonment at home. Defendant's request for such relief therefore falls outside § 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction. Because § 3582(c) deprives the Court of jurisdiction to grant home confinement and because Defendant offers no other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum.[4]

## IV.  Conclusion

For these reasons, this Court should deny Defendant's motion for a sentence reduction in its entirety.

---

[4] If a court grants a sentence reduction, it may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, provided that the court finds that home confinement is a "substitute for imprisonment." USSG § 5F1.2; *see* 18 U.S.C. § 3583(d). Alternatively, a court may consider modifying an existing term of supervised release to add a period of home confinement, consistent with USSG § 5F1.2. *See* § 3583(e)(2).

          Respectfully submitted,

          RYAN K. PATRICK
          UNITED STATES ATTORNEY

By: */s/ Richard W. Bennett*
    Richard W. Bennett
    Assistant United States Attorney
    TX Bar No. 24027141
    1000 Louisiana, Suite 2300
    Houston, TX   77002
    (713) 567-9000 (phone)
    Richard.Bennett@usdoj.gov

**<u>Certificate of Service</u>**

I certify that on August 25, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒ I certify that this document was placed in the mail to be delivered by United States Postal Service to the following non-CM/ECF participant(s):

 Michael L. Price
 Inmate No.: 44828013
 FCI Three Rivers
 P.O. Box 4200 K-A
 Three Rivers, TX   78071

          */s/ Richard W. Bennett*
          Richard W. Bennett
          Assistant United States Attorney